**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Slava Vaysman**, | Bankruptcy No. 23-11676 |
| Debtor. | Honorable Jacqueline P. Cox |
| **Ariane Holtschlag**, not individually but as chapter 7 trustee of the estate of Slava Vaysman, | |
| Plaintiff, | |
| v. | Adversary No. 24-_____ |
| **Tatiana Bazer**, | |
| Defendant. | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS**

1.  When an insolvent debtor makes gifts to his significant other and gets nothing in return, a chapter 7 trustee can avoid the transfers and recover their value for the estate. Here, Salva Vaysman did not get any value when he gifted cash and other property to Tatiana Bazer. The gifts should be avoided and a judgment entered against Bazer for the value of the gifts.

**JURISDICTION AND VENUE.**

2.  This adversary proceeding arises in Slava Vaysman's chapter 7 bankruptcy case, which is pending before this Court as case number 23-11676.

3.  Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C.

Case 24-00397    Doc 1    Filed 12/12/24    Entered 12/12/24 10:08:29    Desc Main
                         Document      Page 2 of 5

§ 157(b) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H), and this Court has constitutional authority to enter final judgments and orders herein. If a court determines that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, then Ariane Holtschlag, not individually but as chapter 7 trustee of the estate of Slava Vaysman, (the "Trustee") consents, pursuant to § 157(c), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

5. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

## COMMON FACTS.

### 1. The relationship between Vaysman and Bazer.

6. Vaysman, the debtor, was once in a long-term relationship with the defendant, Tatiana Bazer.

7. Although the two lived together, they were not married.

### 2. Vaysman gifts cash to Bazer.

8. On January 2, 2022, Vaysman gave $10,000 in cash to Bazer.

9. On information and belief, during the course of the couple's relationship, Vaysman gifted other cash or property to Bazer or paid for goods or services on her behalf.

10. Vaysman did not receive any value from any person or entity in exchange for gifting this property to Bazer, or for paying for goods or services on her behalf.

### 3. Vaysman files for bankruptcy.

11. On September 1, 2023, Vaysman filed a chapter 7 bankruptcy case.

12. In his bankruptcy schedules, Vaysman discloses multiple unsecured creditors who hold claims that arose before he gifted cash to Bazer or paid for goods and service on her behalf.

13. Among these pre-existing creditors is Navient, which Vaysman lists as having a claim of $22,944 that arose on December 26, 2006.

14. On his bankruptcy schedules, Vaysman discloses that as of September 1, 2023, his assets—not including "equity" in his former residence, which he transferred to another former significant other—were worth $206.50.

15. On his statement of financial affairs, the only significant asset transfers in the two years before bankruptcy that Vaysman identifies are the transfers of real estate to his other former significant other and the $10,000 gift to Bazer.

16. On his bankruptcy schedules, Vaysman discloses that as of September 1, 2023, his liabilities totaled $402,810.02.

17. Of these total liabilities, Vaysman incurred at least $395,382 before he gifted the $10,000 to Bazer.

18. Not including the property that he transferred to his former significant others, at no point between December 22, 2021, and September 1, 2023, did the value of Vaysman's assets exceed the amount of his liabilities.

19. The Trustee serves as the duly appointed chapter 7 trustee for Vaysman's bankruptcy estate.

## COUNT 1: AVOIDANCE AND RECOVERY OF THE TRANSFERS.

20. The Trustee incorporates the allegations in paragraphs 1 to 19 above into this count.

21. Within two years before he filed for bankruptcy, Vaysman transferred $10,000 in cash to Bazer and, on information and belief, made other gifts to her and paid for goods and service on her behalf.

22. Vaysman did not receive any value from Bazer or any other person or entity in exchange for these gifts, or in exchange for the goods and services he paid for on Bazer's behalf.

23. When Vaysman made these transfers, he was insolvent.

24. Bazer is an insider of Vaysman.

25. The gifts to Bazer and the payments on her behalf were a significant portion of Vaysman's assets.

**Wherefore**, the Trustee requests that this Court enter judgment in her favor and against Bazer: (a) avoiding the gifts to Bazer and the payments made on her behalf, (b) entering a money judgment against Bazer in the amount of $10,000 or such higher amount that is determined at trial, plus costs and expenses of this action; and (c) granting any additional relief that is appropriate under the circumstances.

Dated: December 12, 2024

Respectfully submitted,

**Ariane Holtschlag**, not individually but as chapter 7 trustee of the estate of Slava Vaysman

By: /s/ Jeffrey K. Paulsen
One of Her Attorneys

Jeffrey K. Paulsen (6300528)
Paulsen+HoltschlagLLC
1245 S. Michigan, No. 115
Chicago, IL 60605
Tel:     (847) 644-9385
E-mail: jpaulsen@ph-firm.com