1. **UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Slava Vaysman,** | Bankruptcy No. 23-11676 |
| Debtor. | Honorable Jacqueline P. Cox |
| **Ariane Holtschlag,** not individually but as chapter 7 trustee of the estate of Slava Vaysman, | |
| Plaintiff, | |
| v. | |
| **Tatiana Bazer,** | Adversary No. 24-00397 |
| Defendant. | |

**ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS**

Now comes Tatiana Bazer, Defendant herein ("Defendant"), and respectfully answers Plaintiff's Complaint as follows:

1. When an insolvent debtor makes gifts to his significant other and gets nothing in return, a chapter 7 trustee can avoid the transfers and recover their value for the estate. Here, Salva Vaysman did not get any value when he gifted cash and other property to Tatiana Bazer. The gifts should be avoided and a judgment entered against Bazer for the value of the gifts.

ANSWER: The Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

1

## JURISDICTION AND VENUE

2. This adversary proceeding arises in Slava Vaysman's chapter 7 bankruptcy case, which is pending before this Court as case number 23-11676.

ANSWER: The Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Pursuant to 28 U.S.C. 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C.S 157(b) and Local Rule 40.3.I(a) of the United States District Court for the Northern District of Illinois.

ANSWER: The Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. This is a core proceeding under 28 U.S.C. 157(b)(2)(H), and this Court has constitutional authority to enter final judgments and orders herein. If a court determines that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, then Ariane Holtschlag, not individually but as chapter 7 trustee of the estate of Slava Vaysman, (the "Trustee") consents, pursuant to § 157(c), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

ANSWER: The Defendant admits that the Plaintiff is consenting to a bankruptcy judge hearing this matter.

5. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. 1408 and 1409.

ANSWER: The Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Vaysman, the debtor, was once in a long-term relationship with the defendant, Tatiana Bazer.

ANSWER: The Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint to the extent it indicates that Defendant has had an on and off relationship with the debtor.

7. Although the two lived together, they were not married.

ANSWER: The Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint during the time period set forth in the Complaint.

8. On January 2, 2022, Vaysman gave $10,000 in cash to Bazer.

ANSWER: The allegations of Paragraph 8 are denied on information and belief. Further answering, the Defendant states that she paid for a vacation for Vaysman, his brother and his brother's girl friend from January 8, 2022 to January 16, 2022 at a cost of $ 13,011.30, ¼ of which would be her personal expense. She has no recollection of Vaysman paying her $10,000 in cash as reimbursement for her expenditure on the vacation.

9. On information and belief, during the course of the couple's relationship, Vaysman gifted other cash or property to Bazer or paid for goods or services on her behalf.

ANSWER: There is insufficient detail or precise information given in Paragraph 9 for Defendant to formulate a specific response. In general, Defendant denies there was any regular or substantial pattern by Vaysman to gift other cash or property to Bazer or pay for goods or services on her behalf during their relationship, and that overall Vaysman received much more than he might have given.

10. Vaysman did not receive any value from any person or entity in exchange for gifting this property to Bazer, or for paying for goods or services on her behalf.

ANSWER: The Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

**Vaysman Files For Bankruptcy**

11. On September 1, 2023, Vaysman filed a chapter 7 bankruptcy case.

ANSWER: The Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. In his bankruptcy schedules, Vaysman discloses multiple unsecured creditors who hold claims that arose before he gifted cash to Bazer or paid for goods and service on her behalf.

ANSWER: The Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint as to the creditors he disclosed in his bankruptcy schedules. Defendant denies there was any regular or substantial pattern by Vaysman to gift other cash or property to Bazer or pay for goods or services on her behalf during their relationship, and that overall Vaysman received much more than he might have given.

13.    Among these pre-existing creditors is Navient, which Vaysman lists as having a claim of $22,944 that arose on December 26, 2006.

ANSWER: The Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.    On his bankruptcy schedules, Vaysman discloses that as of September 1, 2023, his assets—not including "equity' in his former residence, which he transferred to another former significant other—were worth $206.50.

ANSWER: The Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint as to what Vaysman listed in his bankruptcy schedules, the Defendant has insufficient knowledge to answer any other allegation of said Paragraph.

15.    On his statement of financial affairs, the only significant asset transfers in the two years before bankruptcy that Vaysman identifies are the transfers of real estate to his other former significant other and the $10,000 gift to Bazer.

ANSWER: The Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint as to what Vaysman identified on his statement of affairs. The Defendant has insufficient knowledge to answer the remaining allegations of said Paragraph.

16.    On his bankruptcy schedules, Vaysman discloses that as of September 1, 2023, his liabilities totaled $402,810.02.

ANSWER: The Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint, and notes that Vaysman also includes Defendant as a creditor on a lease he co-signed with her as well as her potential other claims.

17. Of these total liabilities, Vaysman incurred at least $395,382 before he gifted the $10,000 to Bazer.

ANSWER: Defendant has insufficient knowledge to answer the allegations of Paragraph 17 as to what debt Vaysman incurred and when. Defendant denies any gift to Bazer by Vaysman where he did not receive any value in exchange.

18. Not including the property that he transferred to his former significant others, at no point between December 22, 2021, and September 1, 2023, did the value of Vaysman's assets exceed the amount of his liabilities.

ANSWER: Defendant has insufficient knowledge to answer the allegations of Paragraph 18.

19. The Trustee serves as the duly appointed chapter 19 trustee for Vaysman's bankruptcy estate.

ANSWER: The Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

**COUNT 1: AVOIDANCE AND RECOVERY OF THE TRANSFERS**

20. The Trustee incorporates the allegations in paragraphs 1 to 19 above into this count.

ANSWER: The Defendant reincorporates her answers to paragraphs 1 to 19 above.

21. Within two years before he filed for bankruptcy, Vaysman transferred $10,000 in cash to Bazer and, on information and belief, made other gifts to her and paid for goods and service on her behalf.

ANSWER: In response to Paragraph 21 the Defendant states that she paid for a vacation for Vaysman, his brother and his brother's girl friend from January 8, 2022 to January 16, 2022 at a cost of $ 13,011.30, ¼ of which would be her personal expense. She has no recollection of Vaysman paying her $10,000 in cash as reimbursement for her expenditure on the vacation or funds transfer.

22. Vaysman did not receive any value from Bazer or any other person or entity in exchange for these gifts, or in exchange for the goods and services he paid for on Bazer's behalf.

ANSWER: The Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. When Vaysman made these transfers, he was insolvent.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 23 of Plaintiff's Complaint.

24. Bazer is an insider of Vaysman.

ANSWER: The Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. The gifts to Bazer and the payments on her behalf were a significant portion of Vaysman's assets.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 25 of Plaintiff's Complaint.

**Wherefore**, the Defendant requests that the relief sought by the Plaintiff be denied and granting any additional relief that is appropriate under the circumstances.


BY: /s/    *Thomas W. Drexler*
Attorney for Defendant


THOMAS W. DREXLER
221 N. LaSalle Street
Suite 1600
Chicago, IL 60601
(312) 726-7335
td@drexlaw.com